**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4706

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RALPH AVANT,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Chief District Judge. (CR-03-70)

Submitted: August 29, 2005          Decided: November 21, 2005

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Anne R. Littlejohn, LAW OFFICE OF ANN R. LITTLEJOHN, Greensboro, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, D. Scott Broyles, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ralph Avant pled guilty to one count of conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). At sentencing, the district court determined by a preponderance of the evidence that Avant conspired to possess two kilograms of cocaine. Avant objected to the amount of drugs attributed to him based on Blakely v. Washington, 542 U.S. 296 (2004). In response to Avant's objections, the Government agreed that Avant could relitigate the drug quantity if there was a reversal by the Supreme Court on the Blakely issue. The district court thereafter sentenced Avant to 100 months' imprisonment, based upon the two kilograms of cocaine.

On appeal, Avant contends that the district court committed reversible error under Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005), when it made a factual finding in determining his base offense level. Because Avant preserved this issue by objecting to the presentence report based on Blakely, we review de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003).

The Government concedes error and that Avant should be resentenced under Booker based upon an agreement that the drug quantity could be relitigated if the Supreme Court applied Blakely

to the federal sentencing guidelines.  We therefore vacate Avant's sentence and remand for resentencing in accordance with <u>Booker</u>.[*]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

[*]Just as we noted in <u>United States v. Hughes</u>, 401 F.3d 540, 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Avant's sentencing.